IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERMAN WALLEY | ) | CASE NO. |
| c/o David W. Neel, Esq. | ) | |
| 16781 Chagrin Blvd. | ) | JUDGE |
| Shaker Heights, Ohio 44120 | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | (**JURY DEMAND ENDORSED** |
| | ) | **HEREON**) |
| QUINCY GAS INC. | ) | |
| c/o Zahran Al-Qadan, Statutory Agent | ) | |
| 15627 Indian Head Drive | ) | |
| Strongsville, Ohio 44136 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Zahran Al-Qadan | ) | |
| 15627 Indian Head Drive | ) | |
| Strongsville, Ohio 44136 | ) | |
| | ) | |
| Defendants | ) | |

**PARTIES**

1. Plaintiff Herman Walley brings this action against Defendants Quincy Gas Inc. and Zahran Al-Qadan to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Ohio Minimum Fair Wage Standards Law, O.R.C. § 4111.01 *et seq.,* and under the Ohio Constitution, § 2.34, and to recover unpaid wages under Ohio Revised Code section 4113.15.

2. Defendant Quincy Gas Inc. is an Ohio corporation doing business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

3. Defendant Zahran Al-Qadan is the owner of Defendant Quincy Gas Inc. and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

4. Plaintiff Herman Walley currently resides in Cuyahoga County, Ohio and was at all relevant times an "employee" of Defendants as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant Quincy Gas Inc. is an Ohio corporation doing business in Cuyahoga County, Ohio, Defendant Zahran Al-Qadan resides in and does business in Cuyahoga County, and the causes of action alleged herein arise from Defendants' activities in Cuyahoga County, Ohio.

## COUNT ONE

### Violation of the Fair Labor Standards Act

8. Defendants employed Plaintiff at the Quincy Gas station located at 3939 Community College Ave, Cleveland, OH 44115 in Cuyahoga, Ohio as an attendant. At other times Defendant employed Plaintiff in a security role.

9. At all times material to this action, Defendant Quincy Gas Inc. was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1)(A) and (B) of the FLSA.

10. At all times relevant to this action, Defendant Quincy Gas Inc. was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

11. At all times relevant to this action, Defendants employed Plaintiff in an hourly, non-supervisory non-exempt position.

12. Plaintiff consistently worked more than 40 hours per work week as a station attendant during the three-year period preceding this Complaint at a rate of $8.50 per hour. Defendants paid Plaintiff only $5.00 per hour when he worked security.

13. Defendants did not pay Plaintiff at all for the hours he worked over 40 hours in the work week.

14. Plaintiff consistently worked more than 40 hours per week for which Defendants failed to pay him overtime.

15. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for them within three years preceding the filing of this lawsuit.

16. The provisions set forth in §§ 206 and 207 of the FLSA apply to Defendants and Plaintiff.

17. Defendants intentionally, willfully and/or with reckless disregard for the law failed to pay Plaintiff according to the provisions §206 of the FLSA, which requires employers to pay non-exempt employees minimum wages.

18. Defendants intentionally, willfully and/or with reckless disregard for the law failed to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours per work week at a rate not less than one and one-half times the regular rate at which he is employed or the minimum wage.

19. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay §§ 206 and 207 of the FLSA require.

20. Defendants engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with §§ 206 and 207 of the FLSA.

21. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive the compensation to which he is entitled pursuant to §§ 206 and 207 of the FLSA.

22. In addition to the amount of unpaid wages and benefits owing to Plaintiff, he is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). He is also entitled to prejudgment interest.

23. Defendants have not made a good faith effort to comply with the FLSA.

24. Plaintiff is entitled to an award of attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

**Violation of the Ohio Minimum Fair Wage Standards Act& Ohio Constitution**

25. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

4

26. Plaintiff brings this claim to recover unpaid overtime compensation under provisions of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq*., and under the Ohio Constitution, § 2.34.

27. The acts of which Plaintiff complains are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.01, etc. of the Ohio Revised Code.

### COUNT THREE

**Violation of Ohio Revised Code 4113.15**

28. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

29. Ohio Revised Code 4113.15 requires that all wages due and owing be paid by the employer within the time period specified therein.

30. Ohio Revised Code 4113.15(B) makes an employer who fails to make wage payments for 30 days beyond the regularly scheduled pay day or, where no regularly scheduled pay day is applicable, for 60 days beyond the filing of a claim, liable for liquidated damages in an amount equal to 6% of the amount of the wages still unpaid and in contest or disputed, or $200, whichever is greater.

31. Defendants did not pay Plaintiff for 16 hours work each work week.

32. Defendants are liable to Plaintiff for all unpaid wages.

33. Defendant is liable for liquidated damages for each week they did not make full payment of wages to Plaintiff.

## COUNT FOUR

### BREACH OF CONTRACT

34. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

35. Defendants and Plaintiff entered into a contract requiring Defendants to pay Plaintiff $8.50 per hour for his labor.

36. Defendants consistently did not pay Plaintiff at all for hours worked over 40 hours for at least five years prior to the bringing of this Complaint.

37. Defendants did not pay Plaintiff for approximately 4,160 hours of work.

38. Defendants breached their contract with Plaintiff by not paying him for work performed.

**WHEREFORE**, Plaintiff prays for the following relief:

**A.    On Count One pursuant to § 216(b) of the FLSA:**

    1.    That Plaintiff be awarded damages in the amount of one and one-half times his hourly wage of $8.50 for all hours worked over 40 hours, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

    2.    That Plaintiff be awarded the difference between the applicable minimum wage and $5.00 per hour, times the number of hours worked as he worked as a security guard, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

    3.    That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

    4.    For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

**B.    On Count Two pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.*, and under Article II, §34a of the Ohio Constitution:**

    1.    That Plaintiff be awarded damages in the amount of one and one-half times his hourly wage of $8.50 for all hours worked over 40 hours, plus an equal amount of liquidated damages, and prejudgment interest;

      2.      That Plaintiff be awarded the difference between the applicable minimum wage and $5.00 per hour, times the number of hours worked as he worked as a security guard, plus two times the amount of those back wages as and for damages, and prejudgment interest;

      3.      That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

      4.      For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

**C.**     **On Count Three pursuant to O.R.C. § 4113.15:**

      1.      Damages in the amount of unpaid compensation and benefits, plus for every pay period for which he did not receive full payment, 6% per annum of such amount or $200, whichever is greater, as and for liquidated damages, and prejudgment interest;

      2.      That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

      3.      For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

**D.**     **On Count Four:**

      1.      Damages in the amount of unpaid compensation, and prejudgment interest;

      2.      That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

      3.      For such other legal and equitable relief including, but not limited to, pre- and post-judgment interest, to which he may be entitled.

**E.**     **Any and all such other relief to which Plaintiff might be entitled under each Count of the Complaint.**

      Respectfully submitted,

      */s/ David W. Neel*
      David W. Neel (0033611)
      16781 Chagrin Blvd.
      Shaker Heights, Ohio 44120
      Telephone: (216) 522-0011
      Telecopier: (844) 548-3570
      *Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all causes of action.

/s/ David W. Neel
David W. Neel (0033611)